UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EZELL'S FRIED CHICKEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> EZELL STEPHENS, et al., <br><br> Defendants. | No. C10-1424 RSL <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendants' motion for reconsideration. Dkt. #31. On March 1, 2011, the Court granted plaintiff's motion to remand. Dkt. #22. The Court concluded that defendants were not substantially justified in removing the matter to this Court because plaintiff's complaint did not allege a federal cause of action and defendants' third-party complaint was not a proper basis for removal. Dkt. #30. The Court also granted attorney's fees to plaintiff in the amount of $9,520.00.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civ. R. 7(h)(1).

Defendants argue that they did not have an opportunity to challenge the request for attorney's fees because the declaration and billing invoices were only provided with plaintiff's reply. While the billing invoices were provided to the Court with the reply for the first time, plaintiff specifically requested an award of attorney's fees in its motion to remand. Dkt. #22 at

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION - 1

5. Additionally, defendants could have moved to strike the declaration and attached exhibits that provided new facts for the first time in reply. See Local Civ. R. 7(g). Nevertheless, the Court will strike the extra 5.5 hours Mr. Richardson spent on the reply. Accordingly, the revised fee amount awarded to plaintiff is $7,320.

Defendants also argue that attorney's fees should not have been awarded because the Court "pointed to decisions in other circuits to find that removal was improper." While the Court may have pointed to decisions in other circuits for support in the third-party complaint context, the Court's Order is supported by ample United States Supreme Court and Ninth Circuit precedent. See Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831-32 (2002) ("federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint'"; "[a]llowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents.") (emphasis in original); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("[A] case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint.") (internal emphasis omitted); Duncan v. Stuetzle, 76 F.3d 1480, 1484 (9th Cir. 1996) ("[T]he plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." California v. Keating, 986 F.2d 346, 348 (1993) ("a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable.'").

The Court also notes that, with respect to the timing of the motion for remand, defendant could have sought additional time to respond from opposing counsel or the Court based on a death in the family.

For all the foregoing reasons, the Court GRANTS in part and DENIES in part defendants' motion for reconsideration. The fee award is reduced to $7,320.00. The Court also ORDERS to stay enforcement of the fee award until conclusion of the state lawsuit based on defendant's representation that an order requiring payment of the fees at this time "will

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION - 2

1 significantly impact his ability to continue defending this case and will limit [his] ability to
2 seek a just result." Dkt. #31-1 ¶8.

4 DATED this 28th day of March, 2011.

*/s/ Robt S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION - 3